UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:13cr34/RV/CJK
  3:13cv609/RV/CJK

JOSEPH D. PETERSON

_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 301). The Government has filed a response (doc. 310) and Defendant has filed a reply (doc. 317). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

# PROCEDURAL BACKGROUND[1]

Defendant was charged on April 16, 2013, in a two count indictment with conspiracy to manufacture and distribute (500) grams or more of methamphetamine ("Count One"); conspiracy to possess and distribute pseudoephedrine ("Count Two") (doc. 3). Represented by appointed counsel Stephen E. Sutherland, Defendant entered a plea of guilty to both counts of the indictment pursuant to a written plea agreement and statement of facts on May 14, 2013 (docs. 118–120).

In the Presentence Investigation Report ("PSR"), Defendant was held accountable for at least 500 grams but less than 1.5 kilograms of methamphetamine for a corresponding base offense level of 36 (doc. 183, PSR ¶ 62). After a three level adjustment for acceptance of responsibility his total offense level was 33 (PSR ¶¶ 69–71). Defendant had a criminal history category of III and a corresponding advisory guidelines range of 168 to 210 months (PSR ¶¶ 81, 113). The statutory mandatory minimum on Count One was ten years with a maximum of life, and the maximum term of imprisonment on Count Two was twenty years (PSR ¶ 112).

On July 24, 2013, Defendant was sentenced at the low end of the applicable guidelines range to a term of 168 months imprisonment on each count, with the terms to run concurrently (docs. 212, 213). He did not appeal, but timely filed the instant

---

[1] Detailed statements of facts describing the offense conduct are set forth in the statement of facts in support of the plea agreement and in Defendant's Presentence Investigation Report (docs. 119, 183) and will be set forth herein only as necessary.

Case Nos.: 3:13cr34/RV/CJK; 3:13cv609/RV/CJK

motion to vacate pursuant to the prison mailbox rule[2] on November 24, 2013 (doc. 301).

In the present motion, Defendant raises two grounds for relief. First, he contends that he was unable to contact counsel regarding his appeal, and second he asserts that he was told if he gave information to law enforcement that he would receive a sentence modification. The Government opposes the motion.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

Case Nos.: 3:13cr34/RV/CJK; 3:13cv609/RV/CJK

have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Patterson*, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id*. In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Id*. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377

F.3d 1208, 1237 (11th Cir. 2004); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).

Ground One

In his first ground for relief, Defendant asserts that counsel was constitutionally ineffective. The sum of Defendant's argument is that he was "unable to make contact with [counsel] by mail or phone" and that he "wanted to appeal the weight of my charge" (doc. 301 at 3). Defendant's desire to file an appeal appears to be a recent manifestation. In his reply Defendant notes that he discussed the issue of an appeal with his lawyer before sentencing (doc. 317). Defendant states that he told counsel he wanted to appeal the weight attributed to him (*id*. at 1). However, counsel advised him not to appeal, because if he did, he would not be able to cooperate with the Government and potentially receive a sentence reduction (*id*.). Defendant relates that he has spoken to investigators more than once, and he admits that the first time, he lied (*id*.; *see also* doc. 310 at 19 (counsel's letter to Defendant)). After this interview, Defendant asked the investigators to come back a second time, at which point, he says, he was honest with them (doc. 317 at 1). Defendant now states that he has learned that because he lied, he will not be getting a sentence reduction.[3] As a result, he concludes that he "should've appealed the weight to start with" (*id*.).

The issue of counsel's duty and obligation with respect to his client's right to appeal has been well litigated. The Supreme Court has unequivocally stated that if a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe*

---

[3]This may have been as a result of counsel's letter to Defendant dated November 21, 2013, which was three days before Defendant signed the instant motion to vacate (*see* doc. 310 at 19). In that letter counsel opines that Defendant's chances of getting a downward departure as a result of substantial assistance were very remote (*id*.).

*v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 526 U.S. 23, 28 (1999)). Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal. *Id*. at 483; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005); *Cunningham v. United States*, 378 F. App'x 955, 957 (11th Cir. 2010). Defendant does not allege that he requested that counsel file an appeal, and in fact, his explanation of events in his reply makes clear that he did not request that counsel file an appeal.

Counsel's performance can still be constitutionally deficient if counsel failed in his or her duty to consult with the defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 478. Consultation involves "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. If counsel has consulted with the defendant, of course, the question of deficient performance is easily answered; counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *Id*. Defendant does not allege that he told counsel to appeal. When the men discussed the issue, counsel advised Defendant not to appeal his sentence, which was at the lowest end of the applicable guidelines range, if he wished to cooperate with the Government. The fact that Defendant met with investigators more than once reflects his interest in cooperating, and his understanding of its importance, even if he was initially untruthful. Counsel's sage advice with respect to an appeal was presumably premised upon a reasonable assumption that Defendant would not lie to investigators, thus jeopardizing his

attempt to receive a substantial assistance motion.[4]  Ultimately, it was Defendant's own actions, not those of counsel, that jeopardized his attempt to receive a sentence reduction.  Counsel was not constitutionally ineffective, and Defendant is not entitled to relief.

Ground Two

Defendant claims that he was told if he gave information to law enforcement, he would receive a sentence modification.  To the extent that he claims he was "promised" a sentence reduction, his claim is refuted by the record.

The written supplement to the plea agreement (doc. 120) sets forth Defendant's agreement concerning cooperation.  Defendant initialed every paragraph of the document pursuant to which he agreed to cooperate fully and truthfully with the United States Attorney and her designated representatives (*id.* at 1–3).  The agreement further provided that, if, in the sole discretion of the U.S. Attorney, Defendant was deemed to have provided substantial assistance, the U.S. Attorney would file a substantial assistance motion (*id.* at 3).  If the motion was filed, however, the granting of relief and the extent of relief was left solely to the discretion of the district court (*id.* at 3–4).

During the plea colloquy the court asked Defendant whether anyone had made any promises to him that may have induced him to plead guilty but which were not set forth in the documents he had signed (doc. 263 at 29).  Defendant, who had been placed under oath, indicated that there were not, and that the documents contained the

---

[4]The court notes that a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure to reward a Defendant's substantial assistance may be filed up to one year from sentencing. *See* Fed.R.Crim.P. 35(b)(1). Thus, unless Defendant has burned his proverbial bridges by providing false information to investigators, from a mere timeliness standpoint, a Rule 35 reduction is not foreclosed at this juncture.

Case Nos.: 3:13cr34/RV/CJK; 3:13cv609/RV/CJK

complete agreement he had with the Government, a statement with which counsel concurred (*id.*).

The PSR reiterates that "should the defendant's cooperation rise to the level of substantial assistance, a motion for reduction of sentence *may* be filed (doc. 183, PSR ¶ 7) (emphasis added).

Defendant admits that he initially lied to investigators, although he claims that he later provided truthful information (doc. 317 at 1). Even if Defendant believed he was entitled to the benefit of a substantial assistance motion, the decision to file such a motion is a matter of prosecutorial discretion. *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000); *United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998); United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185 (1992). Even plea agreements such as the one in this case that require the government to consider whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *Forney*, 9 F.3d at 1499–1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion. *Wade*, 504 U.S. at 185–86; *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009); *Nealy*, 232 F.3d at 831. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. *Wade*, 504 U.S. at 186.

Filing of a certification of substantial assistance generally signifies that a defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his or her attempts to assist. *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted). "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *Orozco*, 160 F.3d at 1315. A defendant's disappointment that his or her cooperation did not rise to the level of substantial assistance does not alone warrant a finding that the motion should have been filed. Defendant has not shown, or even alleged, any impropriety with respect to the filing of a substantial assistance motion, and he is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 301) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of April, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**